Joe P. Josephson, Esq.
Alaska Bar No. 6102018
Josephson Law Offices, LLC
912 W 6th Avenue
Anchorage, AK 99507
Telephone (907) 276-0151
Fax (907) 276-0155
joejlaw@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOREAL SHOOSHANIAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHCARE AMERICA, LLC, )<br>a Limited Liability company organized )<br>under the laws of Nevada, )<br>doing business in Alaska as )<br>"Alaska Regional Hospital", and )<br>ALASKA REGIONAL HOSPITAL, )<br>)<br>Defendants. ) | Case No. _____ |

# COMPLAINT

For her claims against HEALTHCARE AMERICA, LLC., doing business as "Alaska Regional Hospital", and ALASKA REGIONAL HOSPITAL, defendants, plaintiff LOREAL SHOOSHANIAN, by and through her attorney, Joe P. Josephson,

Alaska Bar number 6102018, of Josephson Law Offices, LLC, 912 West Sixth Avenue, Anchorage, Alaska, alleges as follows:

A. **General Allegations Applicable to Each Cause of Action and Claim for Relief**.

1. The United States District Court has jurisdiction under 28 U.S.C. sec. 1291.

2. Plaintiff is a resident and inhabitant of the State of Alaska, at Anchorage. She has resided in Anchorage for over years.

3. Defendant, HEALTHCARE AMERICA, LLC (hereinafter called "HCA") is an American for-profit operator of health care facilities, founded in 1968 and having its headquarters in Nashville, Tennessee. It owns or manages hundreds of hospitals across the United States, including the co-defendant, ALASKA REGIONAL HOSPITAL, where the plaintiff worked between November 17, 2003, and November 1, 2019. HCA is a limited liability company organized under the laws of Nevada. (HCA's Alaska Business License expired in 2019).

4. Defendant ALASKA REGIONAL HOSPITAL is a subsidiary or affiliate of defendant HCA. ALASKA REGIONAL HOSPITAL provides emergency room and inpatient health care to individuals at its Anchorage, Alaska facility.

5. Plaintiff, as a hospital employee, was an echocardiographer", performing in-patient and out-patient echo-cardiograms, trans-cranial examinations, stress tests and pictures thereof, and stress tests without echo-cardiograms.

*Shooshanian v. Healthcare America, LLC, et al.*
Complaint
Page **2** of **8**

## B. Plaintiff's First Claim for Relief; Retaliation.

6. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above in paragraphs 1, 2, 3, 4 and 5 (as if each of the said paragraphs were expressly re-alleged in this, plaintiff's First Claim for Relief).

7. Section 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e *et seq.*, (including sec. 2000e-3) protects an employee, such as the plaintiff, from retaliation because she "opposed any practice made an unlawful employment practice by this subchapter, or because (she) has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." (**See also** 42 U.S.C. secs. 2000 – 2000e-17).

8. Plaintiff opposed discriminatory or harassing practices and participated in an investigation or proceeding or hearing, within the meaning of the cited subchapter.

9. Plaintiff complained about alleged discrimination against herself and others. She reported to Human Resources at Alaska Regional Hospital that she had witnessed offensive behavior.

10. At all times pertinent, plaintiff had a reasonable belief that she was engaging in protected conduct and that her employer, by and through her supervisor and/or other supervisory personnel, had engaged in illegal conduct. Plaintiff had a reasonable belief that the underlying employment practices and activities of which she complained were unlawful and unreasonable.

*Shooshanian v. Healthcare America, LLC, et al.*
Complaint
Page **3** of **8**

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

11. Because of plaintiff's complaints, she was subjected to threats, reprimands, negative evaluations, harassments, and other adverse treatment, which made the plaintiff worse off, and created workplace conditions so intolerable that any reasonable person in her situation would have felt compelled, just as she felt compelled, to quit. Among other examples of adverse treatment was the employer's insistence that plaintiff work – on her scheduled day off – even though she was suffering from an infection in her blood, for which plaintiff was under treatment at Alaska Regional Hospital (the hospital where she was both a worker and a patient) on that very day.

12. Although plaintiff quit, in actuality the defendants constructively terminated her, and by implication, impaired her reputation for honesty or morality, and stigmatized her. Constructive termination occurred because, as alleged in the preceding paragraph, the defendants and their agents made the plaintiff's working conditions so intolerable that a reasonable person in plaintiff's position would have felt compelled to quit, and as a foreseeable and natural result of those working conditions, plaintiff did so.

13. Plaintiff has sustained and continues to sustain financial damages as a natural, foreseeable, and proximate consequence of her being unemployed since on or about the 1 day of November, 2019, the last date of her employment at Alaska Regional Hospital. The amount and extent of her financial damages, which are increasing day by day, will be proved at trial.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)  (907) 276-0155 (Fax)

### C. Plaintiff's Second Claim for Relief: (Sexual Harassment).

14. Plaintiff incorporates herein by reference each and every allegation set forth above, in paragraphs 1 through 13, as if the same were expressly reiterated here, in her Second Claim for Relief.

15. In the workplace, plaintiff was subjected to sexual harassment, perpetrated by a supervisor, John Horan. Plaintiff reported to hospital management information regarding the acts and words which together comprised the harassment. Among other acts and words, plaintiff informed management that Mr. Horan had said or done the following things, among others:

-- He asked plaintiff how often she had sex with her husband;

-- He proposed meeting with her outside the workplace;

-- He made comments about her appearance;

-- He noted that plaintiffs birthday was the same as his ex-wife's or ex-girlfriend's; and

-- He referred to plaintiff's teen-age son likely masturbating in the shower.

16. Mr. Horan subsequently been extremely nasty and hostile and abusive. Consequently, plaintiff experienced great pain of body and mind.

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

### D. Plaintiff's Third Claim for Relief: Breach of the Implied Covenant of Good Faith and Fair Dealing.

17. Plaintiff realleges and incorporates in this, her Third Claim for Relief, by reference, each and every allegation set forth above in paragraphs 1 through 16, as if the said allegations were expressly reiterated in this, her Third Claim for Relief.

18. In Alaska, there exists in every contract of employment an implied covenant of good faith and fair dealing.

19. Even if the animus towards plaintiff was originally driven chiefly by the personal motives of a supervisor or supervisors, the corporate defendants named in this case were responsible for his or their conduct and discriminatory behavior, under the doctrine of *respondeat superior*.

20. In addition to that doctrine, the defendants at bar failed to timely provide adequate supervision, or to monitor, or to correct the behavior of Mr. Horan, or others, or even admonish them because of their treatment of the plaintiff.

21. The acts and omissions of the defendants, and their agents, supervisors, and employees, complained of in this complaint, constituted a breach by defendants of the implied covenant of good faith and fair dealing.

### E. Plaintiff's Damages.

22. As a direct, natural, and foreseeable consequence of the defendants' acts, omissions and conduct as complained of in Parts B, C, D, and E, of this Complaint, damages have been suffered by the plaintiff, and continue to be suffered by her, because

*Shooshanian v. Healthcare America, LLC, et al.*
Complaint
Page **6** of **8**

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel)   (907) 276-0155 (Fax)

of (a) her lost income and (b) lost retirement investment opportunities, and (c) lost health care benefits and (d) the emotional distress and anxiety inflicted upon her, and (e) her physical disorders made worse because of her emotional state. The amounts of such quantifiable losses will be proved at trial and exceed $100,000.00 and are described with greater particularity *infra*.

23. Plaintiff has suffered and continues to suffer emotionally. She has received and is still receiving counseling. She has had prescriptions because of anxiety and depression. The amount of quantifiable monetary damages for counseling and medication will be proved at trial.

24. Plaintiff has suffered and continues to suffer hedonic damage as a result of the diminution of the quality of her life, the extent of which hedonic damages will likewise be proved at trial.

25. Plaintiff has suffered sustained loss or diminution of her reputation in the Anchorage, Alaska, community. At trial, plaintiff will provide evidence of her reputational loss or diminution.

26. Because the harm inflicted upon plaintiff is ongoing, the quantum of her damages has not yet been, and could not yet be, asserted at this time, but will be proved at trial, except that her damages and the amount in controversy exceed $100,000.00, as alleged in paragraph 22 *supra*.

WHEREFORE, plaintiff prays for the recovery of a money judgment against the defendants, and each of them, in a sum to be found by the jury to be just and adequate, and in excess of $100,000.00, and for the recovery of her costs, and attorney fees, together with interest, and with such other, further, or different relief as the District Court may find just, adequate and proper.

DATED at Anchorage, Alaska, this 12th day of February, 2020.

*(signature)*
Joe P. Josephson
Alaska Bar number 6102018
Attorney for Plaintiff
912 West 6th Avenue
Anchorage, Alaska 99501
Tel. (907) 276-0151
Facsimile (907) 276-0155

JOSEPHSON LAW OFFICES, LLC.
Attorneys at Law
912 West Sixth Avenue
Anchorage, Alaska 99501
(907) 276-0151 (Tel) (907) 276-0155 (Fax)